VENNER, Appellant, vs. PITTSBURGH PLATE GLASS COMPANY, Respondent.

*March 7—June 6, 1933.*

For the appellant there was a brief by *Kersten & McKinnon,* attorneys, and *Thomas P. Whelan* of counsel, all of Milwaukee, and oral argument by *Mr. Whelan, Mr. Charles J. Kersten,* and *Mr. Arlo A. McKinnon.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* of counsel, all of Milwaukee, and oral argument by *Mr. Quarles.*

The following opinion was filed April 11, 1933:

ROSENBERRY, C. J.    The contract involved in this matter was before this court for consideration in *Venner v. Pittsburgh Plate Glass Co.* 192 Wis. 606, 213 N. W. 307, to which reference is made.    It appears from the allegations of

the complaint that the defendant continued to pay royalties under the contract until the 3d day of December, 1927.

It is further alleged that thereafter the defendant exercised its option to renew the contract and continued to manufacture and sell said liquid filler and primer but has wholly neglected and refused to pay royalties to the plaintiff.

It is manifest that what the plaintiff now seeks to do is to have the benefit of the extension clause contained in the contract. This clause is as follows:

"It is hereby agreed by and between the parties hereto that this agreement shall be and remain in force for the period of twenty (20) years from the date hereof, unless sooner terminated by the mutual consent in writing, of the parties hereto; this agreement shall bind the parties hereto, their heirs, executors, administrators and assigns. The said party of the first part hereby grants to the said party of the second part an option to renew and extend this instrument for a period of twenty (20) years from the date of the expiration thereof."

By the decision of this court when the contract was formerly before it for consideration, it was held that the contract provided for two possible contingencies: first, that letters patent of the United States might be issued, which provision was embodied in the paragraph of the contract designated "A" by this court and which was held to be entire and complete; and second, the paragraph of the contract designated "B" by this court. This court said:

"The provisions made in paragraph 'B' are just as clearly made to be exclusive and complete for the second contingency which would exist or arise in case no patent were granted and defendant then continued to manufacture pursuant to the secret formula and methods communicated to it by Venner and without, of course, any protection by virtue of letters patent, and other products then came into competition."

This court held that a patent having been granted to the plaintiff, paragraph "A" governed and that the defendant

was obligated to pay royalties to the plaintiff in accordance with the provisions of paragraph "A." The court having awarded the plaintiff damages on the basis that the contract operated under the first contingency, plaintiff now seeks to have recovery on the theory that the second paragraph remains in full force and effect. The position of the plaintiff in this action is opposed to and inconsistent with the plaintiff's position in the prior action.

The only fact upon which renewal is predicated is that after the expiration of the contract period the defendant continued to manufacture in accordance with the formula protected by the patent. Venner himself died in 1910 so there could be no basis for renewal on account of personal services rendered by Venner. Mere continuance of the manufacture of the product in accordance with the formula, which after the expiration of the patent might be used by any one, does not continue liability under clause "A." In the absence of an extension of the patent, the renewal clause applies only to the provisions of paragraph "B," which, as has been stated, never became operative. The patent having been issued and never extended, there was nothing to renew.

*By the Court*.—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on June 6, 1933.